IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nathashia Lee Williams,<br><br>PLAINTIFF<br><br>v.<br><br>KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security Administration,<br><br>DEFENDANT. | Case No. 4:20-cv-01712-TLW<br><br><br>**Order** |

Plaintiff filed this action seeking review of the Commissioner's decision denying his disability claim. ECF No. 1. On May 21, 2021, the assigned magistrate judge issued a Report recommending that the Commissioner's decision be reversed and remanded to the Commissioner for further proceedings. ECF No. 19. On June 15, 2021, this Court issued an order accepting the Report and reversing and remanding to the Commissioner. ECF No. 23. Plaintiff's counsel now moves for attorney's fees under the Equal Access to Justice Act (EAJA). ECF No. 25. The motion seeks reimbursement for counsel's representation in the amount of $2,287.87. *Id*. at 1. The Commissioner submitted a response consenting to Plaintiff's motion and stating that it would accept the assignment and pay the fees directly to Plaintiff's attorney if it is shown that, at the time of this Order, Plaintiff owed no debt to the government that

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit.

would be subject to offset. ECF No. 26.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). "The award is mandatory *unless* the government can demonstrate that its position was substantially justified." *EEOC v. Clay Printing Co.*, 13 F.3d 813, 814 (4th Cir. 1994) (emphasis in original). The question is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. *Anderson v. Heckler*, 756 F.2d 1011, 1013 (4th Cir. 1984). This standard is met if there is a "genuine dispute." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

An award of fees or costs under the EAJA is payable to the party rather than to the attorney. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). However, nothing in *Ratliff* divests the Commissioner of its discretion to directly pay the party's attorney where there is no debt owed to the government or funds remain after satisfaction of such debt, and the party has assigned the award to counsel. *See, e.g.*, *Walker v. Astrue*, No. 2:09-cv-960-TFM, 2011 WL 1297744, at *2 (M.D. Ala. Apr. 5, 2011) ("While *Ratliff* generally confirms that attorney's fee awards under the EAJA are payable to the 'prevailing party'—the litigant—and are thus subject to offset any debt owed by such litigant to the United States, the opinion does not explicitly reject the practice of awarding fees to attorneys where the litigant has assigned the right to receive such fees directly.").

After careful consideration of the briefs and materials filed by the parties, the Court concludes that Plaintiff is entitled to an award of attorney's fees and expenses. Accordingly, Plaintiff's motion, ECF No. 25, is **GRANTED** in the amount of $2,287.87 in attorney fees. The Commissioner may pay the award directly to Plaintiff's attorney if it is shown that, at the time of this Order, Plaintiff owed no debt to the government that would be subject to offset.

**IT IS SO ORDERED**.

                                          *s/ Terry L. Wooten*
                                          Terry L. Wooten
                                          Senior United States District Judge

July 16, 2021
Columbia, South Carolina